T.C. Memo. 2003-310

UNITED STATES TAX COURT

NORMAN W. BRISSETT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11126-02.          Filed November 7, 2003.

Norman W. Brissett, pro se.

<u>Richard A. Stone</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  Respondent determined a deficiency in petitioner's Federal income tax of $1,568 for the 2000 taxable year.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.

The issue for decision is whether petitioner is entitled to a deduction for dependency exemptions for his son and daughter for the 2000 taxable year.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulated facts and the related exhibits are incorporated herein by this reference. At the time of filing the petition, petitioner resided in Silver Spring, Maryland.

Petitioner was previously married to Barbara Walker Brissett (Ms. Brissett). They have two children: (1) Jacquelynne M. Brissett (Jacquelynne), born July 8, 1984, and (2) Dominic E. Brissett (Dominic), born May 1, 1986. On April 13, 1994, petitioner and Ms. Brissett entered into a "Voluntary Separation and Property Settlement Agreement" (separation agreement), which provided in part:

> 3. The parties shall have joint legal and physical custody of the parties' minor children, whose primary residence shall be with Wife. * * * Husband shall have visitation with the minor children as follows: Every other weekend from Friday after school until Sunday at 7:30 P.M. The parties shall alternate/share holidays and special occasions as follows:
>
> (i) Husband shall have Christmas Eve each year with the minor children and Wife shall have Christmas Day each year with the minor children.
>
> (ii) The parties agree to alternate year to year Easter Day and Thanksgiving Day.

(iii) The children's birthdays shall be shared each year so that both parents receive part of each child's birthday to celebrate the day.

(iv) The children will spend Father's Day and Father's Birthday with their father and Mother's Day and Mother's Birthday with their mother.

With respect to summer, Wife shall have two (2) weeks' vacation with the minor children during the children's summer vacation period each year; Husband shall have one (1) week of vacation with the minor children each summer.  The parties agree to coordinate their summer plans, giving due regard to which weeks either party may wish to take a summer vacation and any camp the children may attend.

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

15. * * * In 1995 and thereafter, Husband shall be entitled to claim both children as his dependents provided Husband is current on his child support payments.  If Husband is in arrears with regard to his child support payments Wife shall be entitled to claim the children as her dependents.  The parties agree to mutually execute and provide all tax forms necessary in this regard for the other. * * *

The Circuit Court for Montgomery County, Maryland incorporated the separation agreement in its "Judgment of Absolute Divorce".  Petitioner and Ms. Brissett were divorced on April 19, 1994.

Ms. Brissett had custody of Jacquelynne and Dominic for a greater portion of 2000 than petitioner.

On his Form 1040, U.S. Individual Income Tax Return, for the 2000 taxable year, petitioner claimed a deduction for dependency exemptions for Jacquelynne and Dominic.  Petitioner did not attach to his return a written declaration or Form 8332, Release

of Claim to Exemption for Child of Divorced or Separated Parents, executed by Ms. Brissett. Petitioner asked Ms. Brissett to sign a Form 8332 for the taxable year 2000, but she refused to do so. Respondent, in a notice of deficiency dated April 23, 2002, disallowed the deduction for dependency exemptions for Jacquelynne and Dominic for the 2000 taxable year.

OPINION

As the return for 2000 was filed after July 22, 1998, section 7491(a) is applicable. Petitioner did not assert nor present evidence or argument that he satisfied the requirements of section 7491(a). We conclude that resolution of the issue whether petitioner is entitled to the deduction for dependency exemptions does not depend upon who has the burden of proof.

A taxpayer may be entitled to claim as a deduction an exemption amount for each of his or her dependents. Sec. 151(c). An individual must meet the following five tests in order to qualify as a dependent of the taxpayer: (1) Support test, (2) relationship or household test, (3) citizenship or residency test, (4) gross income test, and (5) joint return test. Secs. 151 and 152. If the individual fails any of these tests, he or she does not qualify as a dependent.

As to the support test, a taxpayer generally must provide more than half of a claimed dependent's support for the calendar year in which the taxable year of the taxpayer begins. Sec.

152(a).  In the case of a child of divorced parents, if the child is in the custody of one or both of his parents for more than one-half of the calendar year and receives more that half his support during that year from his parents, such child shall be treated, for purposes of section 152, as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (the custodial parent).  Sec. 152(e)(1).  A custodial parent may release claim to the exemption pursuant to the provisions of section 152(e)(2), which provides:

> SEC. 152(e). Support Test in Case of Divorced Parents, Etc.--
>
>     \*    \*    \*    \*    \*    \*    \*
>
>     (2) Exception where custodial parent releases claim to exemption for the year.--A child of parents * * * shall be treated as having received over half of his support during a calendar year from the noncustodial parent if--
>
> >     (A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and
> >
> >     (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.
>
> For purposes of this subsection, the term "noncustodial parent" means the parent who is not the custodial parent.

The temporary regulations promulgated with respect to section 152(e) provide that a noncustodial parent may claim the exemption for a dependent child "only if the noncustodial parent attaches to his/her income tax return for the year of the exemption a written declaration from the custodial parent stating that he/she will not claim the child as a dependent for the taxable year beginning in such calendar year."[1]  Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984); see Miller v. Commissioner, 114 T.C. 184, 188-189 (2000), affd. on another ground sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002).  The declaration required under section 152(e)(2) must be made either on a completed Form 8332 or on a statement conforming to the substance of Form 8332.  Miller v. Commissioner, supra at 189.

Form 8332 requires a taxpayer to furnish (1) the names of the children for which exemption claims were released, (2) the years for which the claims were released, (3) the signature of the custodial parent confirming his or her consent, (4) the Social Security number of the custodial parent, (5) the date of the custodial parent's signature, and (6) the name and the Social

---

[1] Temporary regulations are entitled to the same weight as final regulations.  See Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996); Truck & Equip. Corp. v. Commissioner, 98 T.C. 141, 149 (1992).

Security number of the parent claiming the exemption. <u>Id.</u> at 190.

In the present case, petitioner and Ms. Brissett have joint legal and physical custody of Jacquelynne and Dominic under the terms of the separation agreement. However, for purposes of section 152(e), the parent having custody for a greater portion of the calendar year--Ms. Brissett in this case--is deemed to be the custodial parent. Petitioner, as the noncustodial parent for purposes of section 152(e), was not entitled to the claimed dependency exemptions unless he complied with the provisions of section 152(e)(2) and the regulations thereunder by attaching to his return a written declaration or Form 8332 executed by Ms. Brissett. Petitioner did not attach such a declaration or Form 8332 to his return, and accordingly, he is not entitled to the deduction for dependency exemptions for Jacquelynne and Dominic for the 2000 taxable year.

Petitioner nevertheless argues that he is current in his child support obligation and that, under the terms of the separation agreement, he is entitled to the deduction for dependency exemptions. We are not unsympathetic to petitioner's position. However, we are bound by the language of the statute as it is written and the accompanying regulations, when consistent therewith. <u>Michaels v. Commissioner</u>, 87 T.C. 1412, 1417 (1986). The Internal Revenue Code is clear as to the

precise circumstance in which a noncustodial parent becomes entitled to a dependency exemption. See <u>Neal v. Commissioner</u>, T.C. Memo 1999-97. Respondent is sustained on this issue.

To reflect the foregoing,

<u>Decision will be entered</u> <u>for respondent</u>.