T.C. Memo. 2010-88

UNITED STATES TAX COURT

STEPHEN S. GESSIC, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 156-08.                          Filed April 22, 2010.

Stephen S. Gessic, pro se.

<u>John M. Tkacik, Jr.</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Respondent determined a deficiency in
petitioner's Federal income tax for 2005 of $3,600.  The issues
for decision are:  (1) Whether petitioner is entitled to
dependency exemptions for two dependents totaling $6,400 for the
taxable year 2005, and (2) whether petitioner is entitled to
child tax credits of $2,000 for the taxable year 2005.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, together with the attached exhibits, is incorporated herein by this reference. At the time he filed his petition, petitioner resided in Ohio.

Petitioner was married to Dana M. Gessic (Ms. Gessic) on July 7, 1990. During the marriage they had two children, one born in 1991 and the other in 1993. Petitioner and Ms. Gessic were granted a divorce by the Court of Common Pleas of Cuyahoga County, Ohio, through a judgment entry filed on August 7, 1997. Attached to the judgment entry was a separation agreement and a shared parenting plan signed by petitioner and Ms. Gessic.

In compliance with the shared parenting plan, Ms. Gessic was the custodial parent. Petitioner was granted visitation rights on the weekends, for 1 or 2 weeks in the summer, and a week near Christmas. The separation agreement required petitioner to make monthly child support payments to Ms. Gessic. In the separation agreement petitioner and Ms. Gessic further agreed that petitioner would be entitled to the dependency exemptions for the minor children on condition that: (1) His child support payments were current, and (2) Ms. Gessic had not returned to work full time and earned over $20,000 per year. If petitioner fell behind on child support payments or Ms. Gessic secured full-time employment, the agreement stipulated that petitioner would be

entitled only to the exemption for the younger child and Ms. Gessic for the older child. Petitioner credibly testified that in the 12 years since their divorce, Ms. Gessic has not held full-time employment and earned over $20,000 per year. He provided documentation that he was current on all child support payments for the year at issue. Petitioner further testified that he did not have custody of the minor children during 2005.

Petitioner filed his tax return for 2005 claiming dependency exemptions for both minor children. However, Ms. Gessic refused to sign Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents. Thus, petitioner attached to his return a copy of a single page from the separation agreement containing petitioner's and Ms. Gessic's initials and the aforementioned conditions under which petitioner could claim exemptions for the children. On October 1, 2007, respondent issued a notice of deficiency to petitioner determining a deficiency in Federal income tax for the tax year 2005 of $3,600. The deficiency was wholly attributable to respondent's disallowance of the dependency exemptions and child tax credits claimed by petitioner.

OPINION

A.  Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those

determinations are erroneous. Rule 142(a);[1] <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction or credit claimed. Rule 142(a); <u>Deputy v. du Pont</u>, 308 U.S. 488, 493 (1940); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934). Under section 7491(a)(1), the burden of proof may shift from the taxpayer to the Commissioner if the taxpayer produces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's liability. Petitioner does not argue or provide evidence that the conditions of section 7491(a) are fully satisfied; therefore, the burden of proof remains on petitioner.

B.    <u>Dependency Exemptions</u>

A taxpayer may claim a dependency exemption "for each individual who is a dependent (as defined in section 152) of the taxpayer for the taxable year." Sec. 151(a), (c). Section 152(a) defines a dependent to include a "qualifying child". A qualifying child must, inter alia, share the same principal place of abode as the taxpayer for more than one-half of the year in issue. Sec. 152(c). The shared parenting plan granted Ms.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Gessic custody of the children and gave petitioner visitation rights. Petitioner testified that he did not have custody of the children during 2005 but exercised his visitation rights.

In the case of divorced or separated parents, special rules determine which parent may claim a dependency exemption for a child. See sec. 152(e). As relevant to the present case, section 152(e)(2) allows the noncustodial parent to claim a dependency exemption for a child if the custodial parent signs a written declaration releasing her claim to the exemption and the noncustodial parent attaches the declaration to his Federal income tax return.

The declaration required by section 152(e)(2) must be made on either Form 8332 or on a statement conforming to the substance of that form. Miller v. Commissioner, 114 T.C. 184, 189 (2000); see sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984). Form 8332 requires a taxpayer to furnish: (1) The name of each child, (2) the name and Social Security number of the noncustodial parent claiming the dependency exemption, (3) the Social Security number of the custodial parent, (4) the signature of the custodial parent, (5) the date of the custodial parent's signature, and (6) the year or years for which the claims were released. See Miller v. Commissioner, supra at 190. "The exemption may be released for a single year, for a number of specified years (for example,

alternate years), or for all future years, as specified in the declaration."  Sec. 1.152-4T(a), Q&A-4, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).

Petitioner failed to attach Form 8332 to his 2005 return. Instead, he attached a page from the separation agreement, initialed by both himself and Ms. Gessic, which stated "[u]ntil the wife returns to work full time which shall be defined as wife earning $20,000 gross per year, the parties agree that the Husband shall receive the tax exemption for the minor children, so long as his child support payments are current."  We must decide whether attaching the page from the separation agreement to petitioner's tax return satisfies the requirements of section 152(e)(2) and section 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., supra.

In Boltinghouse v. Commissioner, T.C. Memo. 2003-134, the taxpayers attached to their return a copy of a separation agreement, which was signed by both the custodial and noncustodial parents.  The separation agreement unconditionally granted the noncustodial parent the dependency exemptions.  The Court held that the separation agreement met the requirements of a written declaration under section 152(e)(2) because it conformed in substance to Form 8332.

Petitioner contends that the page from the separation agreement, which is initialed by petitioner and Ms. Gessic, is

similar to the separation agreement in <u>Boltinghouse</u> and would substitute for Form 8332.  However, simply because the custodial parent initialed the page of the separation agreement does not end the analysis regarding whether the document conforms in substance to Form 8332.  Even if we accept the initials from petitioner and Ms. Gessic as signatures, the attached page from the separation agreement failed to include the date of such signatures, the names of the minor children, or the names or Social Security numbers of the custodial and noncustodial parents.

Furthermore, unlike the separation agreement in <u>Boltinghouse</u> <u>v. Commissioner</u>, <u>supra</u>, the attached page from the separation agreement at issue is conditional; namely, that as long as his child support payments were current, petitioner would receive the tax exemptions for the minor children until such time as Ms. Gessic returned to work full time and earned over $20,000 per year.  These conditions suggest that petitioner's compliance with his support obligations or Ms. Gessic's employment status may change from year to year, such that petitioner's entitlement to the dependency exemptions for his children is potentially subject to change each year.  Consequently, the conditional language creates an ambiguity as to what tax years are applicable by making petitioner's entitlement to the dependency exemptions contingent upon the fulfillment of the conditions.  Although

petitioner testified that he met the condition in 2005, the Internal Revenue Service cannot be expected to police divorce decrees and separation agreements or determine taxpayer compliance therewith.

Therefore, we find that the attached page of the separation agreement does not constitute a written declaration under section 152(e)(2) and does not conform to Form 8332. See also Brissett v. Commissioner, T.C. Memo. 2003-310. Accordingly, petitioner is not entitled to dependency exemptions for the two minor children for 2005.

C.   Child Tax Credits

Section 24(a) provides that a taxpayer may claim a credit for "each qualifying child". The term "qualifying child" means a qualifying child of the taxpayer as defined in section 152(c) who has not attained the age of 17. Sec. 24(c)(1). A taxpayer may also satisfy the qualifying child requirement if the taxpayer establishes entitlement to the dependency exemption under the exception of section 152(e)(2). See Walker v. Commissioner, T.C. Memo. 2008-194. However, the minor children are not petitioner's qualifying children under 152(c) because they did not have the same principal place of abode as petitioner for more than one-half of the taxable year. Moreover, petitioner was unable to establish his eligibility to claim a dependency exemption under

section 152(e)(2).  Thus, petitioner is not entitled to a tax credit with respect to either of the minor children for 2005.

We have considered all of the arguments made by petitioner and, to the extent that we have not specifically addressed them, we conclude they are without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.