T.C. Memo. 2012-268

UNITED STATES TAX COURT

DYLAN MOODY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9834-11.                    Filed September 19, 2012.

Dylan Moody, pro se.

<u>Steven M. Webster</u>, for respondent.

MEMORANDUM OPINION

GOEKE, <u>Judge</u>:  Respondent determined a deficiency of $3,737 in

petitioner's Federal income tax for the 2008 taxable year.  The deficiency results

from respondent's disallowance of dependency exemption deductions petitioner

[*2] claimed for his two children.  Respondent further disallowed petitioner's claimed child tax credits.  The issues for decision are:

(1) whether petitioner is entitled to dependency exemption deductions for his two children, notwithstanding the fact that he did not attach Forms 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, signed by the "custodial parent" of the children for his 2008 taxable year; and

(2) whether petitioner is entitled to child tax credits for the taxable year at issue.

We hold for respondent on both issues.

Background

This case was submitted to the Court fully stipulated pursuant to Rule 122.[1] The stipulation of facts and the attached exhibits are incorporated herein by this reference.  Petitioner resided in North Carolina at the time the petition was filed.

Petitioner married Tammy Jean Moody in 1991.  Thereafter, they had two children, A.T.M. and A.B.M.,[2] in 1992 and 1993, respectively.  On January 26,

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]It is the policy of the Court to refer to a minor by his or her initials.  See Rule 27(a)(3).

[*3] 1997, by a judgment decree of dissolution of marriage (divorce decree),

petitioner and Ms. Moody divorced. The divorce decree was not signed by

petitioner or Ms. Moody and provided in part:

> [Petitioner] shall be entitled to claim the children as tax exemptions on * * * [petitioner's] state and federal income tax returns for the present year and for all subsequent years so long as * * * [petitioner] is current in child support payments at the end of that year. If * * * [petitioner] is current in child support for the year claimed, * * * [Ms. Moody] shall execute IRS Form 8332 by January 10th of the following year to effectuate this agreement.

Petitioner filed a Form 1040, U.S. Individual Income Tax Return, for his 2008

taxable year. He checked "single" filing status on the return and claimed

exemptions for himself and for both of his children. Petitioner also attached two

Forms 8332 to the return, both unsigned by Ms. Moody, purporting to represent Ms.

Moody's release of her claim of exemption for the two children.[3] Petitioner was

current in child support payments for the 2008 taxable year.

## Discussion

### I. Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the

taxpayer bears the burden of proving that those determinations are erroneous.

---

[3]Petitioner stipulated that Ms. Moody was the custodial parent of A.T.M. and A.B.M. in 2008.

**[*4]** Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).  Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction or credit claimed.  Rule 142(a); <u>Deputy v. du Pont</u>, 308 U.S. 488, 493 (1940); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934).  Under section 7491(a)(1), the burden of proof may shift from the taxpayer to the Commissioner if the taxpayer produces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's liability.  Petitioner does not argue or provide evidence that the conditions of section 7491(a) are fully satisfied; therefore, the burden of proof remains on petitioner.

II.  <u>Dependency Exemption Deduction</u>

A taxpayer may deduct an additional exemption "for each individual who is a dependent (as defined in section 152) of the taxpayer for the taxable year."  Sec. 151(a), (c).  Section 152(a) defines a dependent to include a "qualifying child".  A qualifying child must, inter alia, share the same principal place of abode as the

[*5] taxpayer for more than one-half of the year in issue. Sec. 152(c)(1)(B).[4] There is no dispute that A.T.M. and A.B.M. did not share the same principal place of abode as petitioner for any period during his 2008 taxable year.

Section 152(e)(1), however, provides a special rule for divorced or legally separated parents which permits a noncustodial parent,[5] under certain circumstances, a dependency exemption deduction for a child. As relevant to this case, section 152(e)(2) allows the noncustodial parent to claim a dependency exemption deduction for a child if:

> (A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

> (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

---

[4]Respondent does not contest whether other conditions for appropriately claiming a child as a dependent, prescribed in sec. 152(c)(1), (2), and (3), have been satisfied.

[5]For purposes of sec. 152, the "custodial parent" is the parent having custody of the child for the greater portion of the calendar year. Sec. 152(e)(4)(A). The "noncustodial parent" is, conversely, the parent without custody of the child for the greater portion of the calendar year. Sec. 152(e)(4)(B). As noted supra, petitioner stipulated that he was the "noncustodial parent" of both A.T.M. and A.B.M. for his 2008 taxable year.

**[*6]**    The declaration required by section 152(e)(2) must be made on either Form 8332 or on a statement conforming to the substance of that form.  <u>Miller v. Commissioner</u>, 114 T.C. 184, 189 (2000), <u>aff'd on another ground sub nom. Lovejoy v. Commissioner</u>, 293 F.3d 1208 (10th Cir. 2002); <u>see</u> sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).   Form 8332 requires a taxpayer to furnish:  (1) the name of each child; (2) the name and Social Security number of the noncustodial parent claiming the dependency exemption deduction; (3) the Social Security number of the custodial parent; (4) the signature of the custodial parent; (5) the date of the custodial parent's signature; and (6) the year or years for which the claims were released.  <u>See</u> <u>Miller v. Commissioner</u>, 114 T.C. at 190.  "The exemption may be released for a single year, for a number of specified years (for example, alternate years), or for all future years, as specified in the declaration."  Sec. 1.152-4T(a), Q&A-4, Temporary Income Tax Regs., <u>supra</u>.

In particular, this Court has emphasized the critical importance of the custodial parent's signature on this declaration.  <u>See, e.g.</u>, <u>Miller v. Commissioner</u>, 114 T.C. at 191-194; <u>see also</u> <u>Himes v. Commissioner</u>, T.C. Memo. 2010-97, 2010 Tax Ct. Memo LEXIS 127, at *6 (custodial parent's "failure to sign * * * is the

**[*7]** controlling factor in this case."); <u>Neal v. Commissioner</u>, T.C. Memo. 1999-97, 1999 Tax Ct. Memo LEXIS 113, at *11-*12.

The Forms 8332 attached to petitioner's 2008 tax return were not signed by Ms. Moody. Clearly, therefore, petitioner did not satisfy the conditions articulated in section 152(e)(2). As an alternative position, petitioner during the pendency of this case introduced into evidence the divorce decree in an effort to demonstrate that he was entitled to the exemption deductions at issue. Petitioner has not argued that the divorce decree was "attached" to his return as mandated by section 152(e)(2)(B); however, even if the decree is relevant to our inquiry, it was signed only by the presiding judge in that case. Such a signature does not permit a taxpayer to circumvent the explicit "custodial parent" signature requirement. <u>See</u> <u>Miller v. Commissioner</u>, 114 T.C. at 196 ("Simply attaching a State court order that is not signed by the custodial parent to the return of the noncustodial parent does not satisfy the express statutory requirements of section 152(e)(2)(A).").[6]

---

[6]As the divorce decree plainly does not satisfy the requirements of sec. 152(e)(2)(A), we need not address the document's conditional provisions. <u>See</u> <u>Gessic v. Commissioner</u>, T.C. Memo. 2010-88, 2010 Tax Ct. Memo LEXIS 93, at *8 ("[T]he Internal Revenue Service cannot be expected to police divorce decrees and separation agreements or determine taxpayer compliance therewith.").

**[*8]** Accordingly, we find that neither A.T.M. nor A.B.M. is petitioner's qualifying child for purposes of section 152. Consequently, petitioner is not entitled to a section 151 dependency exemption deduction for either child.

III. Child Tax Credit

A taxpayer is entitled to a child tax credit for "each qualifying child". Sec. 24(a). A qualifying child for purposes of section 24 is a "qualifying child" as defined in section 152(c) who has not attained the age of 17. Sec. 24(c)(1). Given that we have determined that A.T.M. and A.B.M. are not "qualifying children" of petitioner for his 2008 taxable year, it follows that petitioner is not entitled to a child tax credit for either child.

IV. Conclusion

We are sympathetic to petitioner's plight; however, we are bound by the statute as written and the accompanying regulations when consistent therewith. Michaels v. Commissioner, 87 T.C. 1412, 1417 (1986); Brissett v. Commissioner, T.C. Memo. 2003-310, 2003 Tax Ct. Memo LEXIS 311, at *9. Accordingly, we sustain respondent's determination.

**[*9]**   To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.