T.C. Memo. 2016-150

UNITED STATES TAX COURT

PAUL ANTHONY CAPPEL, SR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4920-15.                          Filed August 10, 2016.

Paul Anthony Cappel, Sr., pro se.

<u>Eliezer Klein</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LAUBER, <u>Judge</u>:  The Internal Revenue Service (IRS or respondent) deter-

mined a deficiency of $4,665 in petitioner's Federal income tax for 2011.[1]  The

_____

[1]All statutory references are to the Internal Revenue Code (Code) in effect
for the tax year in issue, and all Rule references are to the Tax Court Rules of
Practice and Procedure.  We round all monetary amounts to the nearest dollar.

[*2] central question for decision is whether petitioner is entitled to claim dependency exemption deductions for three children; the answer to that question determines whether he is entitled to head-of-household filing status and child tax credits. Although we are very sympathetic to petitioner's predicament, we have no alternative but to resolve these questions in respondent's favor.

FINDINGS OF FACT

The parties filed a stipulation of facts with accompanying exhibits that are incorporated by this reference. Petitioner resided in Pennsylvania when he petitioned this Court.

Petitioner is the father of three children: Tiffany M. Cappel, C.A.C., and P.A.C.J.[2] Tiffany and C.A.C. were born to petitioner and his first ex-wife; P.A.C.J was born to petitioner and his second wife, with whom he is currently in divorce proceedings. During 2011 Tiffany, C.A.C., and P.A.C.J. were ages 20, 16, and 12, respectively.

In 2002 a Florida family court entered a child support order in the divorce case between petitioner and his first ex-wife. The court ordered that petitioner "will receive the child dependency exemption for Tiffany and * * * [C.A.C.] each and every year beginning in 2001" but "only if he remains current from this point

_____

[2]We refer to minor children by their initials. <u>See</u> Rule 27(a)(3).

**[*3]** forward in his payments of child support." Petitioner credibly testified that he has been current in his child support payments at all relevant times, and respondent does not contend otherwise.

Petitioner timely filed a Federal income tax return for 2011 on which he claimed Tiffany, C.A.C., and P.A.C.J. as dependents. Notwithstanding the Florida court's 2002 order, petitioner's first ex-wife likewise claimed Tiffany and C.A.C. as dependents for 2011. And P.A.C.J.'s mother claimed him as a dependent for that year as well.

Neither Tiffany nor C.A.C. resided with petitioner during 2011, and he does not know where either of them resided. P.A.C.J. resided with his mother in Pennsylvania for more than half the year during 2011; he did not reside with petitioner at any time during that year. Petitioner was the noncustodial parent of C.A.C. and P.A.C.J. during 2011. He did not obtain, from C.A.C.'s mother or from P.A.C.J.'s mother, an executed Form 8332, Release/Revocation of Release of Claim to Exemption for Child by Custodial Parent.

## OPINION

The Commissioner's determinations in a notice of deficiency are generally presumed correct, though this presumption can be rebutted by the taxpayer. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner does not

[*4] contend that the burden of proof should shift to respondent under section 7491(a). Deductions and credits are a matter of legislative grace; taxpayers bear the burden of proving their entitlement to deductions and credits allowed by the Code and substantiating the amounts thereof. INDOPCO v. Commissioner, 503 U.S. 79, 84 (1992).

Section 151 provides as a deduction an exemption from taxable income ($3,700 for 2011) for each "dependent" as defined in section 152. Section 152(a) defines a dependent as either a "qualifying child" or a "qualifying relative" of the taxpayer. To be considered a "qualifying child" of the taxpayer, the child must (among other things) have the same principal place of abode as the taxpayer for more than one-half of the taxable year. See sec. 152(c)(1)(B).

P.A.C.J. and C.A.C. were both "children" during 2011 because neither had attained the age of 19 by yearend. See sec. 152(c)(3). However, neither resided with petitioner at any time during the year, and thus neither was a "qualifying child." It is unclear whether Tiffany was a "child" during 2011; she was 20 years old, and petitioner did not provide any information as to whether she was a student. See sec. 152(c)(3)(A)(ii). Regardless, Tiffany did not reside with petitioner at any time during 2011, and thus she was not a "qualifying child."

**[\*5]** For a family member to be a "qualifying relative" a taxpayer must show (among other things) that he provided more than 50% of that person's support during the year. Sec. 152(d)(1)(C). Though petitioner paid child support for C.A.C. and P.A.C.J. during 2011, he provided no evidence that he supplied more than 50% of their support or of Tiffany's support. As a result, none of them was a "qualifying relative" of petitioner during 2011.

Though his children were neither "qualifying children" nor "qualifying relatives" during 2011, the Code provides a mechanism for a noncustodial parent such as petitioner to become entitled to a dependency exemption for minor children. When parents are legally separated or divorced, section 152(e)(1) generally awards the dependency exemption to the custodial parent, that is, the parent having custody of the child for the greater portion of the year. Sec. 152(e)(4). Section 152(e)(2) provides an exception to this rule if two conditions are met: The custodial parent "signs a written declaration" releasing his or her claim to the exemption and the noncustodial parent "attaches such written declaration to the noncustodial parent's return for the taxable year." Sec. 152(e)(2)(A) and (B).

The "written declaration" by the custodial parent must be made on Form 8332 or in a signed document substantially similar to Form 8332. See sec. 152(e)(2); Armstrong v. Commissioner, 139 T.C. 468 (2012), aff'd, 745 F.3d 890

**[\*6]** (8th Cir. 2014); <u>Miller v. Commissioner</u>, 114 T.C. 184, 190-191 (2000), <u>aff'd</u>

<u>on other grounds sub nom.</u> <u>Lovejoy v. Commissioner</u>, 293 F.3d 1208 (10th Cir.

2002). A judicial decree or child custody order, standing alone, does not qualify

as a "written declaration" within the meaning of section 152(e). <u>See</u> <u>Miller</u>, 114

T.C. at 193-194; <u>Neal v. Commissioner</u>, T.C. Memo. 1999-97, 77 T.C.M. (CCH)

1610, 1612; sec. 1.152-4(e)(1)(ii), Income Tax Regs. ("A court order or decree or

a separation agreement may not serve as a written declaration.").

Petitioner did not include in his 2011 return a Form 8332 or a signed declar-

ation by which C.A.C.'s or P.A.C.J.'s mother relinquished her right, as the cus-

todial parent, to claim that child as a dependent. Petitioner has thus failed to carry

his burden of proving his entitlement to a dependency exemption deduction either

for those children or for Tiffany. As a corollary of that conclusion, we find that he

is not entitled to head-of-household filing status or to child tax credits.[3]

---

[3]To be entitled to head-of-household status, a taxpayer must maintain a home that "constitutes for more than one-half of such taxable year the principal place of abode" of at least one qualifying child. Sec. 2(b). Petitioner agreed that none of the children resided with him for more than half of calendar year 2011. To be entitled to the child tax credit, a taxpayer must have a "qualifying child * * * for which the taxpayer is allowed a deduction under section 151." <u>See</u> sec. 24(a). For the reasons discussed in the text, petitioner is not entitled to any dependency exemption deductions under section 151.

**[\*7]**    This case resembles many that come before our Court.  The situation is unfortunate:  Petitioner has acted honorably in paying child support for many years, but his ex-wife has apparently claimed two of their children as dependents in violation of a Florida court order.  But while the result may seem harsh in these circumstances, the law is unfortunately clear.  On the record before us, we have no alternative but to sustain respondent's determinations.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.