T.C. Summary Opinion 2017-20

UNITED STATES TAX COURT

BRANDI R. MCCUTCHEON-COX, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13475-15S.                         Filed March 30, 2017.

Brandi R. McCutcheon-Cox, pro se.

Gary R. Shuler, Jr., and Louis H. Hill, for respondent.

SUMMARY OPINION

WHERRY, <u>Judge</u>:  This case was heard pursuant to section 7463 of the

Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code of 1986, as amended and in effect in the year at issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure.  All monetary
(continued...)

be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $2,506 in petitioner's Federal income tax for the taxable year 2012. The issues for decision are:

(1) whether petitioner is entitled to dependency exemption deductions for her three minor children; and

(2) whether petitioner is entitled to additional child tax credits.

## Background

This case was submitted fully stipulated pursuant to Rule 122. The parties' stipulation of facts, with accompanying exhibits, is incorporated herein by this reference. At the time the petition was filed, petitioner resided in Ohio.

On October 7, 1995, petitioner married Thomas R. Cox. During their marriage they had three children, P.N.C., B.T.C., and T.R.C.[2]

On May 30, 2007, petitioner and Mr. Cox executed a separation agreement and filed it in divorce proceedings in the Common Pleas Court of Clark County, Ohio, Domestic Relations Division Adult Section. In the separation agreement,

---

[1](...continued)
amounts are rounded to the nearest dollar.

[2]The Court uses only the initials of the minor children. See Rule 27(a)(3).

petitioner and Mr. Cox agreed that Mr. Cox "shall have the tax exemption of the minor children until such time as * * * [petitioner's] annual income is $20,000.00 or more. * * * [Petitioner] shall have the exemptions for the year she earns at least $20,000.00 (not including spousal support) the parties shall alternate thereafter." Petitioner signed the separation agreement, which was incorporated into petitioner and Mr. Cox's divorce decree. During the taxable year 2012 P.N.C., B.T.C., and T.R.C. lived with petitioner for more than half the year.

Petitioner timely filed with respondent a Form 1040, U.S. Individual Income Tax Return, for the taxable year 2012. On line 22 of her return petitioner reported total income of $17,732. Petitioner claimed dependency exemption deductions and additional child tax credits for her three children. Mr. Cox also claimed all three children as dependents on his 2012 tax return, and respondent to date has accepted his return as filed. In a notice of deficiency respondent disallowed petitioner's dependency exemption deductions and also made computational adjustments to petitioner's claimed additional child tax credits.

## Discussion

As a general rule, the Commissioner's determination in the notice of deficiency is presumed correct, and the taxpayer bears the burden of proving by a preponderance of the evidence that the determination is improper. See Rule

142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any claimed deductions. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). The burden of proving a factual issue relating to tax liability shifts to the Commissioner under certain circumstances. Sec. 7491(a). Because we decide this case on a preponderance of the evidence, we need not decide which party has the burden of proof. See sec. 7491(a); Estate of Turner v. Commissioner, 138 T.C. 306, 309 (2012).

## I. Dependency Exemption Deductions

Section 151(a) allows deductions for personal exemptions, including exemptions for dependents of the taxpayer. See sec. 151(c). Section 152(a) defines the term "dependent" as a qualifying child or qualifying relative. Section 152(c)(1) defines a qualifying child as an individual who: (i) bears a specified relationship to the taxpayer described in section 152(c)(2); (ii) has the same principal place of abode as the taxpayer for more than one-half of the taxable year; (iii) meets certain age requirements; (iv) has not provided over one-half of such individual's own support for the calendar year in which the taxable year of the taxpayer begins; and (v) has not filed a joint return for that taxable year.

Respondent agrees that petitioner generally satisfies the requirements of section 152(c) with respect to P.N.C., B.T.C., and T.R.C. for the taxable year 2012. Nevertheless respondent contends that under the 2007 separation agreement petitioner is not entitled to the dependency exemption deductions for the three children. According to respondent, the separation agreement accorded the three dependency exemptions to Mr. Cox for 2012 because petitioner's total income for that year was less than $20,000.

When parents file separate Federal tax returns and are legally separated or divorced, section 152(e)(1) provides special rules for determining which parent may claim a dependency exemption for each child. Generally, section 152(e) awards the exemption for a child to the custodial parent, that is, the parent having custody of the child for the greater portion of the year. Section 152(e)(2) provides an exception to this rule if the following four conditions are met: (i) the child receives over one-half of his or her support during the taxable year from his or her parents, (ii) the child was in the custody of one or both of the child's parents for over one-half of the taxable year, (iii) the custodial parent "signs a written declaration" releasing his or her claim to the exemption and, (iv) the noncustodial parent "attaches such written declaration to the noncustodial parent's return for the taxable year". Sec. 152(e)(1) and (2).

The IRS has promulgated Form 8332, Release/Revocation of Release of Claim to Exemption for Child by Custodial Parent, to implement the written declaration requirement of section 152. Petitioner was the custodial parent for all three children during 2012. Nothing in the record indicates that she signed a Form 8332 for the taxable year 2012 or an equivalent written declaration as prescribed by the regulations, releasing her claim to dependency exemption deductions for the three children.

A court order or decree executed before July 3, 2008, can also serve as a "written declaration" for purposes of section 152(e)(2)(A) if it satisfies the requirements for the form of a written declaration in effect at the time it is executed. See Swint v. Commissioner, 142 T.C. 131, 133-136 (2014); sec. 1.152-4(e)(5), Income Tax Regs. As in effect during 2007, section 152(e)(2)(A) required that "the custodial parent sign[] a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year". In order for a separation agreement or similar document to comply with section 152(e)(2)(A), the release of the claim to the dependency exemption deduction must be unconditional. Swint v. Commissioner, 142 T.C. at 137-139;

Armstrong v. Commissioner, 139 T.C. 468, 472 (2012), aff'd, 745 F.3d 890 (8th Cir. 2014).

Petitioner did not unconditionally waive entitlement to the dependency exemption deductions in the May 30, 2007, separation agreement. That agreement explicitly conditioned Mr. Cox's ability to claim the dependency exemption deductions on petitioner's annual income remaining under $20,000. See Gessic v. Commissioner, T.C. Memo. 2010-88, 99 T.C.M. (CCH) 1362, 1363 (2010). The fact that the condition set forth in the separation agreement was satisfied during 2012 does not change our analysis. Armstrong v. Commissioner, 139 T.C. at 474; Gessic v. Commissioner, 99 T.C.M. (CCH) at 1363; see also Brissett v. Commissioner, T.C. Memo. 2003-310, 86 T.C.M. (CCH) 582, 583 (2003) (complying with the terms of a separation agreement is not sufficient to allow a dependency exemption deduction without a valid Form 8332 or equivalent). Because the requirements of section 152(e)(2) are not met for the taxable year 2012, petitioner remains entitled to claim the dependency exemption deductions for her children despite the Ohio State court order because Federal law controls. See sec. 152(a) and (c); Armstrong v. Commissioner, 139 T.C. at 474; Miller v. Commissioner, 114 T.C. 184, 196 (2000) ("Although the Permanent Orders granted * * * [the noncustodial parent] the right to claim the dependency

exemptions for his children, a State court cannot determine issues of Federal tax law."), aff'd on other grounds sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002).

Our holding is consistent with our holdings in many cases in this Court in which a taxpayer (like Mr. Cox here) has claimed a dependency exemption deduction by virtue of satisfying all the required conditions in a divorce decree or separation agreement, only to learn that the written declaration he attached to his return did not meet the requirements of section 152(e)(2)(A). See Armstrong v. Commissioner, 139 T.C. at 472; Porter v. Commissioner, T.C. Memo. 2015-141, at *7; Allred v. Commissioner, T.C. Memo. 2014-54, at *13; Brissett v. Commissioner 86 T.C.M. (CCH) at 583. It appears that Mr. Cox was more fortunate than those other noncustodial spouses. We also acknowledge that our holding in this case provides a tax benefit to petitioner that she was not entitled to claim under the separation agreement she signed. However, the question is not what she is entitled to under State law but what she is entitled to under section 152. See Miller v. Commissioner, 114 T.C. at 196.

## II. Child Tax Credits

Section 24(a) provides that a taxpayer generally may claim a credit against the tax imposed for the taxable year for each qualifying child of the taxpayer who

has not reached the age of 17 for when the taxpayer is allowed a dependency exemption under section 151. Sec. 24(c)(1). Because petitioner is entitled to exemptions for the taxable year 2012 for her three children who were not yet 17 in 2012, she is also entitled to the additional child tax credits she claimed on her return. Sec. 24(a).

To reflect the foregoing,

<u>Decision will be entered for</u> <u>petitioner</u>.